```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION

IN RE:                          §
                                §
RICHARD DAVIS,                  §   CASE NO. 07-33986-H3-7
                                §
          Debtor                §
────────────────────────────────────────────────────────────
PHILIPPE TANGUY,                §
13,500 AIR EXPRESS, LLC AND     §
13,5000 AIR EXPRESS, L.P.,      §
                                §
     Appellants/Defendants,     §
                                §
VS.                             §   CIVIL ACTION NO. H-10-1194
                                §   ADVERSARY NO. 09-3096
WILLIAM G. WEST, CHAPTER 7      §
TRUSTEE,                        §
                                §
     Appellees/Plaintiffs.      §
```

**OPINION AND ORDER**

It has come to the attention of the Court that Appellants/Defendants Philippe Tanguy, 13500 Air Express L.L.C., and 13,500 Air Express, L.P. filed a Notice of Appeal of bankruptcy court orders, initially on May 18, 2010 in the Adversary Proceeding 09-3096, but reentered as an Amended Notice of Appeal on May 21, 2010 in H-10-1194. Instruments #2 and 3.

Under Bankruptcy Rule 8009(a)(1) the party appealing an order of the bankruptcy court "shall serve and file a brief within fourteen days after entry of the appeal on the docket pursuant to Rule 8007. Appellant/Defendants have failed to file separately a brief, which, even with respect to the Amended Notice of Appeal,

was due on June 1, 2010.

Under Bankruptcy Rule 8001(a), "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is grounds only for such dismissal as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal."

Nevertheless, the Fifth Circuit has held that "'[d]ismissal is a penalty of last resort, to be imposed only after clear delay or contumacious conduct and a find that lesser sanctions would not cure the problem.'" Under the clear language of Rule 8001(a),

> only the failure to file a notice of appeal, which deprives the reviewing court of jurisdiction, mandates dismissal.  In contrast, the district court does not invariably dismiss for breaches of other procedural rules, including Rule 8006. . . . Rather, the court must exercise discretion and consider what sanctions are appropriate.  Dismissal is a harsh and drastic sanction that is not appropriate in all cases, even though it lies within the district court's discretion.  In addition, when, as here, an appeal is dismissed because of an attorney's error, the client is unduly punished for his attorney's mistakes.  [internal citations omitted]

*In the Matter of CPDC*, 221 F.3d at 698-99.  Although the Fifth Circuit declined to provide a definitive list of factors for consideration in determining whether dismissal is an appropriate sanction, it admonished that "a district court should keep in mind that some infractions of the rules of bankruptcy procedure are harmless and do not merit dismissal; that dismissal unfairly punishes clients for the mistakes of their counsel in some cases; and that the primary goal of courts as enforcers of the bankruptcy rules should be to ensure the swift and efficient resolution of

disputes pertaining to the distribution of the bankruptcy estate."
*Id.* at 699-700.

Accordingly, the Court

ORDERS that Appellants shall file within ten days of entry of this order the required brief or show good cause why additional time should be granted.  Failure to comply with this order will result in dismissal of this bankruptcy appeal.

**SIGNED** at Houston, Texas, this 16th day of June , 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE